IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALYSON WESTFALL,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00118

C.L. OSBORNE, et al.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Alyson Westfall's Motion to Remand. (ECF No. 6.) For the reasons that follow, the Court **DENIES** the motion.

### I.  BACKGROUND

This action arises out of law enforcement effectuating an arrest in the city of Smithers, West Virginia.  Plaintiff filed the original complaint in the Circuit Court of Fayette County, West Virginia, on January 8, 2020.  (*See* ECF No. 1.)  The original complaint alleged violations of Plaintiff's rights under the Constitution of the State of West Virginia, the Constitution of the United States, and asserted a common-law claim of negligence.  (*See* ECF No. 1-5.)  On February 11, 2020, Defendants C.L. Osborne and the City of Smithers filed their Notice of Removal and removed this case pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441.   (ECF No. 1 at 3.)   Thereafter, on February 19, 2020, Plaintiff filed an Amended Complaint pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure.  (ECF No. 5.)

Plaintiff alleges that on November 17, 2019, she was a passenger in a car with two other individuals. (*Id.* at ¶ 7). Upon arriving at her acquaintances' apartment, Defendant Osborne, a police officer for the City of Smithers, stopped behind the car and stated that Plaintiff's friend, Tonya Simerly and one of the individuals in the vehicle, had a capias for her arrest for not appearing in the Fayette County Magistrate Court. (*Id.* at ¶¶ 7–9.) Plaintiff alleges that when she "interrupted the altercation" by asking Defendant Osborne why he was arresting Simerly, Defendant Osborne "slammed her body to the ground," resulting in Plaintiff losing consciousness and sustaining injuries to her face, head, and body. (*Id.* at ¶ 10.) Plaintiff asserts that Defendant Osborne then slammed Simerly to the ground in the same manner, resulting in injuries to Simerly. (*Id.* at ¶ 11.) Plaintiff's Amended Complaint asserts three causes of action: (1) A constitutional tort under Article III, Sections 6 and 10 of the West Virginia Constitution; (2) negligence; and (3) negligent infliction of emotional distress. (*Id.*) Plaintiff's original complaint included a claim of excessive force under 42 U.S.C. § 1983, but the Amended Complaint removed the federal claim,[1] and "therefore does not state a federal-law cause of action." (*See* ECF No. 6 at 2.)

On February 20, 2020, Plaintiff filed a Motion to Remand and asked the Court to remand this action to the Circuit Court of Fayette County. (ECF No. 6.) Defendants responded on March 5, 2020. (ECF No. 10.) Plaintiff did not file a reply. As such, this motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

---

1 Notably, Count I of Plaintiff's Amended Complaint asserts that this claim "specifically is not filed pursuant to 42 U.S.C. § 1983 or any other related federal statute." (ECF No. 5 at ¶ 21.) The Amended Complaint also states that the Defendants' actions "violated the constitutional rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendment to the Constitution of the State of West Virginia." (*Id.* at ¶ 23.) While the Constitution of West Virginia has several amendments, none are identified as the "Fourth" or "Fourteenth" Amendment. Rather, each are identified by a specific title. *See, e.g.*, W. Va. Const. Judicial Amend. (titled "The Judicial Amendment.").

2

Congress has provided a right to removal from state to federal court for any case that could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). One source of original jurisdiction is 28 U.S.C. § 1331, which provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In addition, 28 U.S.C. § 1367(a) confers federal district courts with supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

### III.  DISCUSSION

Plaintiff argues that the Court should remand this action because the Amended Complaint is "devoid of any claims that invoke this Court's original jurisdiction." (ECF No. 7 at 3.) Furthermore, Plaintiff argues that the principles articulated by the Supreme Court of the United States in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 345 (1988)—namely, economy, convenience, fairness, and comity—heavily favor remand. (*Id.* at 4.)

Defendants conversely argue that remand is neither mandated nor required because the Plaintiff herself voluntarily withdrew the federal claims when she filed the Amended Complaint. (ECF No. 10 at 7.) Additionally, Defendants argue that the remaining state law claims are parallel to the original federal claims and arise from the same case or controversy. (*Id.*) Finally, Defendants assert that Plaintiff has simply "attempt[ed] to manipulate jurisdiction in this matter" by removing the federal claim from her Amended Complaint. (*Id.* at 8.)

The removal procedure statute provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fourth Circuit, however, does not consider this language to be an "absolute

mandate," but rather, a "preference for remand when all federal claims drop from a properly removed case." *See Payman v. Lee Cty. Cmty. Hosp.*, 338 F.Supp.2d 679, 682 (W.D. Va. 2004). Thus, district courts still retain discretion in deciding whether to remand supplemental state law claims. *See id.* (citing *Hinson v. Northwest Fin. S.C., Inc.*, 239 F.3d 611, 617–18 (4th Cir. 2001)).

In particular, when deciding whether to remand a case after a plaintiff removes her federal claims, a district court should consider the "'principles of economy, convenience, fairness, and comity' and whether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson*, 239 F.3d at 617 (quoting *Carnegie-Mellon*, 484 U.S. at 357). Further, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon*, 484 U.S. at 357.

Here, removal to federal court was proper, which allows the Court to exercise its discretion in determining whether remand to the state court is appropriate. *See* 28 U.S.C. § 1367(c); *see also Hinson*, 239 F.3d at 617–18; *Payman*, 338 F.Supp.2d at 682–83. The *Carnegie-Mellon* principles weigh in favor of this Court retaining jurisdiction. First, retaining jurisdiction would be fair to all parties. Plaintiff Westfall included a federal cause of action in her original complaint, and thus ran the risk of the Defendants removing the action to federal court. (*See* ECF No. 1-5 at 6–7.) Plaintiff is represented by experienced counsel, who no doubt understood the risk of removal. Second, convenience to the parties weighs in favor of this Court retaining jurisdiction. A Scheduling Order has been entered, (ECF No. 14), and the parties have further exchanged their initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. (ECF Nos. 15, 16.) Discovery, though in its early stages, has begun. (*See* ECF No. 17.) Third, comity

similarly favors this Court retaining jurisdiction. Plaintiff has only removed her claim of excessive force under 42 U.S.C. § 1983, but has included a state law constitutional tort claim that arises from the same case or controversy as her original federal claim and in fact runs parallel to both the Fourth and Fourteenth Amendments to the United States Constitution. (*See* ECF No. 7 at 3–4.) *See also Nutter v. Mellinger*, No. 2:19-CV-00787, 2020 WL 401790, at *6 (S.D.W. Va. Jan. 23, 2020) ("Article III, § 6 of the West Virginia Constitution parallels the Fourth Amendment of the United States Constitution and protects citizens against unreasonable searches and seizures."); *State v. Clark*, 752 S.E.2d 907, 920–21 (W. Va. 2013) ("the protections afforded West Virginia citizens under Article III, Section 6 of the state constitution are co-extensive with those provided in the Fourth and Fourteenth Amendments to the United States Constitution") (internal citations and quotations omitted). There are no novel or complex issues of state law raised in the Amended Complaint. Finally, judicial economy weighs in favor of remand, as this action is in its early stages. However, this factor is outweighed by the notions of fairness, convenience, and comity.

The Court also considers the final factor the Supreme Court identified in *Carnegie-Mellon*: "[W]hether the efforts of a party in seeking remand amount to a 'manipulative tactic.'" *Hinson*, 239 F.3d at 617 (quoting *Carnegie-Mellon*, 484 U.S. at 357). Certainly, there are times when a plaintiff's decision to drop certain claims is done upon the recognition that her case would be stronger without them. Here, however, the evidence tends to show Plaintiff's decision to remove her federal claim is an attempt to avoid federal jurisdiction. Plaintiff's original claim of excessive force under § 1983 was not a secondary claim, and the facts alleged to support both her original complaint and the Amended Complaint are nearly identical. (*Compare* ECF No. 1-5 *with* ECF

No. 5.) These claims are based on the same allegation: Defendant Osborne effectuated Plaintiff's arrest with excessive force. Because the underlying allegations themselves did not change, this suggests that Plaintiff's decision to remove the § 1983 claim was not based on a tactical decision that her case would be stronger without it, but was rather an attempt to return to state court. *See, e.g.*, *Payman*, 388 F.Supp.2d at 684. Furthermore, this evidence is bolstered by the Plaintiff rather noticeably attempting to avoid federal question jurisdiction by stating that her state-law constitutional tort claim "specifically is not filed pursuant to 42 U.S.C. § 1983 or any other related federal statute." (ECF No. 5 at ¶ 21.) Similarly, the Plaintiff stated that "[t]he actions of Defendants also violated the constitutional rights guaranteed to Plaintiff under the Fourth and Fourteenth Amendment to the Constitution of the State of West Virginia." (ECF No. 5 at ¶ 23.) Of course, there are no such amendments to the Constitution of West Virginia.[2] Indeed, upon a comparison with the original complaint, it is apparent Plaintiff simply replaced the words "United States Constitution" with "Constitution of the State of West Virginia." (*Compare* ECF No. 1-5 at ¶ 23 *with* ECF No. 5 at ¶ 23.)

"While it is true that the well-pleaded complaint rule allows a plaintiff to decide whether or not to allege federal claims, the rule does not give plaintiffs free reign to forum shop." *Payman*, 388 F.Supp.2d at 684 (internal citation omitted). Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

### *IV. CONCLUSION*

---

[2] While the Constitution of West Virginia indeed contains several amendments—eighteen, to be precise—none are commonly identified as the "Fourth" or the "Fourteenth" Amendment. However, even to the extent that the amendments to the Constitution of West Virginia would be identified by number, the fourth amendment is titled "The Good Roads Amendment of 1928," and the fourteenth is titled "Veterans Bonus Amendment." *See* W. Va. Const. The Good Roads Amend. of 1928 Amend.; W. Va. Const. Veterans Bonus Amend. Both are inapplicable to this matter.

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 6) is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 28, 2020

_____
THOMAS E. JOHNSTON, CHIEF JUDGE