**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ALYSON WESTFALL,

                Plaintiff,

v.                              CIVIL ACTION NO.   2:20-cv-00118

C.L. OSBORNE, et al.,

                Defendant.

**DISMISSAL ORDER**

On October 26, 2020, this Court granted in part and denied in part Defendants C.L. Osborne ("Osborne") and the City of Smithers, West Virginia's (the "City") (collectively, "Defendants") Motion to Dismiss, (ECF No. 9). (ECF No. 29.)  The order dismissed all of Plaintiff Alyson Westfall's ("Plaintiff") claims, except for her claim asserted pursuant to Article III, § 6 of the West Virginia Constitution.  (*Id.*)  As to her claim under Article III, § 6, this Court noted that whether the state of West Virginia recognized a private cause of action pursuant to this section of the state Constitution was a point of dispute among the federal courts of the state.  (*Id.* at 6.)  Because this Court had previously certified this question to the Supreme Court of Appeals, the Court instructed Plaintiff to notify the Court of her intent to pursue this claim pending a decision by the Supreme Court.  (*Id.* at 7.)  Plaintiff notified the Court of her intent to pursue the claim by letter dated October 27, 2020.  (ECF No. 31.)  This Court then stayed this action by order on November 4, 2020.  (ECF No. 32.)

On November 18, 2020, the Supreme Court of Appeals answered the certified question in the negative and created a new syllabus point: "West Virginia does not recognize a private right of

action for monetary damages for a violation of Article III, Section 6 of the West Virginia Constitution."   Syl. Pt. 3, *Fields v. Mellinger*, No. 20-0183 (W. Va. Nov. 18, 2020).

Plaintiff's only remaining claim in this action is one for monetary damages under Article III, § 6.   On November 20, 2020, the Court lifted the stay that had been granted in this matter pursuant to the Supreme Court of Appeals of West Virginia's answer to the certified question presented by this Court in *Fields v. Mellinger*, Civil Action No. 2:19-cv-00493 (S.D.W. Va. Mar. 3, 2020).   (ECF No. 33.)   Pursuant to that order, Plaintiff was given ten (10) days to file any objections to the Court dismissing this action based on the Supreme Court's answer in *Fields*. (*Id.*)   To date, Plaintiff has not filed any objections.   Accordingly, this Court **DISMISSES** Plaintiff's remaining claim, and subsequently, **DISMISSES** this action with prejudice.   The Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        December 7, 2020

_____

THOMAS E. JOHNSTON, CHIEF JUDGE

2